# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MICHAEL BLACKWELL, | Case Nos. 1:17-cv-74; 1:13-cr-59 |
| *Petitioner*, | |
| v. | Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | Magistrate Judge Christopher H. Steger |
| *Respondent*. | |

## MEMORANDUM OPINION

Before the Court are the following motions filed by Petitioner Michael Blackwell: (1) a motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code (Doc. 106); (2) a motion for extension of time to reply to the Government's response in opposition to his motion to vacate, set aside or correct his sentence and for appointment of counsel (Doc. 109); (3) a motion to expand the record (Doc. 114); and (4) a motion for clarification (Doc. 118). For the following reasons, Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 106) will be **DENIED**, his motion for extension of time to reply (Doc. 109) will be **GRANTED IN PART** and **DENIED IN PART**, his motion to expand the record (Doc. 114) will be **DENIED**, and his motion for clarification (Doc. 118) will be **DENIED**.

### I. BACKGROUND

In 2013, Petitioner pleaded guilty to one count of conspiracy to manufacture methamphetamine, in violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(C). (*See* Doc. 54.) Petitioner was subsequently classified as a career offender pursuant to United States Sentencing

Guidelines § 4B1.1, based on prior Tennessee convictions for promotion of methamphetamine manufacturing and conspiracy to promote the manufacture of methamphetamine. (Doc. 66, at 6–7.) At sentencing, Petitioner did not object to his classification as a career offender, but did argue that his career-offender designation overrepresented the seriousness of his offense and requested a downward variance. (*See* Doc. 63.) Based on application of the career-offender enhancement, the underlying offense, and Petitioner's criminal history, the Court calculated Petitioner's advisory guidelines range as 188 to 235 months' imprisonment. (*See id*.) The Court subsequently granted Petitioner's motion for a downward variance pursuant to Title 18, Section 3553(a) of the United States Code and sentenced Petitioner to 120 months' imprisonment followed by a six-year term of supervised release. (Doc. 71.) Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for the Sixth Circuit.

On March 17, 2017, Petitioner filed this instant motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code. (Doc. 106.) In his motion, Petitioner argues that, based on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior conviction for promotion of methamphetamine manufacturing no longer qualifies as a controlled substance offense, thereby making application of the career-offender enhancement under United States Sentencing Guideline § 4B1.1 inappropriate.

On April 17, 2017, the Government responded to Petitioner's motion (Doc. 108.) After the Government responded, Petitioner filed a motion for extension of time to reply to the Government's response (Doc. 109). In his motion for extension of time, Petitioner also requested that the Court appoint counsel to assist in drafting his reply to the Government's response. (*Id*.) On June 19, 2017, Petitioner filed his reply (Doc. 117.) Petitioner's motion for

extension of time to file a reply to the Government's response (Doc. 109) is **GRANTED** to the extent Petitioner sought an extension of time to file his reply brief, but **DENIED** as to his request that the Court appoint counsel to assist in drafting pleadings associated with his motion to vacate, set aside, or correct his sentence.[1]

Additionally, on June 5, 2017, Petitioner filed a motion to expand the record. (Doc. 114.) In his motion, Petitioner requests that the Court allow him to expand the record in connection with his motion to vacate, set aside, or correct his sentence, but he does not specify any documents, evidence, or other materials he seeks to add to the record. Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if a motion is not dismissed "the judge may direct the parties to expand the record by submitting materials related to the motion," including, letters predating the filing of the motion, documents, exhibits, affidavits, and answers to interrogatories propounded by the judge. In this case, because Petitioner has not identified the materials he seeks to add to the record, and because the Court finds that additional materials are not necessary to resolve Petitioner's motion, Petitioner's motion to expand the record (Doc. 114) is **DENIED**.[2]

---

[1] Rule 8 of the Rules Governing Section 2255 Proceedings provides for the appointment of counsel if an evidentiary hearing has been set and the moving party qualifies to have counsel appointed under Title 18, Section 3006A of the United States Code. In this case, an evidentiary hearing is not necessary, and, while the Court has discretion to appoint counsel when the interests of justice so require, there is no reason to appoint an attorney at this time.

[2] Petitioner has also filed a motion for clarification (Doc. 118.) In this motion, Petitioner represents that the Court failed to specify whether his federal sentence was consecutive or concurrent to any state sentence imposed. (*Id*. at 1–2.) Petitioner further asserts that, when the United States instituted charges against him, he was already in state custody after being arrested on charges brought by the State of Tennessee. (*Id*.) Petitioner requests that the Court clarify his sentence and order that he receive credit for the time he served in state custody from August 20, 2013, to March 6, 2014, the date he received his federal sentence. (*Id*. at 2.) Petitioner also represents that he tried to resolve this issue with the Bureau of Prisons but was told that the Court must address this issue. (*Id*.) Under Title 18, Section 3585(b) of the United States Code, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. *Timeliness of Petition*

Title 28, Section 2255(f) of the United States Code is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by

---

spent in official detention prior to the date the sentence commences . . . ." Under that statute, however, the power to award credit for time served lies solely with the Attorney General of the United States and the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (vacating a district court's amended sentence granting credit for time served in federal custody awaiting trial); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("A district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing."). Accordingly, it is not for this Court to decide, in the first instance, whether Petitioner should be awarded credit toward his sentence for time served in state custody. To the extent Petitioner's motion could be construed as a habeas petition pursuant to Title 28, Section 2241 of the United States Code, Petitioner has failed to show that he properly exhausted his administrative remedies before seeking relief. *See, e.g.*, *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003) (affirming district court's denial for failure to exhaust administrative remedies where petitioner did not file any documents demonstrating exhaustion). Accordingly, Petitioner's motion for clarification of his sentence is **DENIED**.

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely. In his motion, Petitioner asserts that his motion is timely because he filed it within one year of the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016).[3] (Doc. 106, at 12.) Under Title 28, Section 2255(f)(3) of the United States Code, however, Petitioner's motion is considered timely only if *Mathis* created a newly recognized right that the Supreme Court made retroactively applicable to cases on collateral review. In *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017), the Sixth Circuit held that *Mathis* did not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Accordingly, Petitioner's motion is not timely and is barred by the one-year statute of limitations applicable to petitions for collateral relief under Title 28, Section 2255 of the United States Code.[4]

---

[3] Petitioner does not assert that his motion is timely under Section 2255(f)(1), (2), or (4). The Court notes, however, that Petitioner's judgment became final on April 2, 2014, and that Petitioner did not file the instant motion until March 13, 2017—almost three years later. Additionally, Petitioner does not provide any facts suggesting that he filed his motion within one year of the removal of an impediment created by Government action in violation of the Constitution or laws of the United States or that he made his motion within one year of discovering new facts that support his motion.

[4] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to

### B. *Procedural Default*

Additionally, Petitioner's motion fails because his arguments have been procedurally defaulted. Petitioner did not directly appeal the Court's calculation, duration, or legality of his sentences. Accordingly, to obtain review of his sentence in connection with a motion made pursuant to Title 28, Section 2255 of the United States Code, Petitioner must demonstrate good cause for not raising this argument on direct appeal and that actual prejudice will result if not reviewed. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has made no such showing and, thus, his challenges to the Court's sentence are procedurally defaulted. *See id.* at 885–86.

Additionally, when a claim is procedurally defaulted, a petitioner can obtain review of a nonconstitutional error in connection with a motion under Title 28, Section 2255 of the United States Code if the claim was the result of ineffective assistance of counsel or if the purported error amounts to "fundamental unfairness" or "something akin to the denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (noting that "[o]ne might be forgiven for observing that this is perilously close to saying that procedurally defaulted nonconstitutional errors are waived unless they amount to constitutional errors."). The Sixth Circuit has further noted that "mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Id*.

---

equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

In this case, Petitioner has not asserted that his counsel was ineffective for failing to raise the alleged guidelines error at sentencing or on direct appeal. To the contrary, Petitioner asserts that the relief he presently seeks was not available until after the Supreme Court's decision in *Mathis*. (*See* Doc. 106, at 5.) Additionally, Petitioner has not demonstrated any fundamental unfairness or denial of due process that warrants relief from his procedurally defaulted claim.

### C. *Merits of the Petition*

Although Petitioner's motion is not timely, and although his claim is procedurally defaulted, the Court notes that Petitioner is potentially correct that he was incorrectly classified as a career offender under Section 4B1.1 of the United States Sentencing Guidelines. In *Mathis*, the Supreme Court analyzed whether a defendant's prior state-court convictions qualified as "violent felonies" and, thus, served as predicate offenses for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. The analysis employed in *Mathis* also applies to determining whether a prior conviction qualifies as a predicate offense for the purposes of applying the career-offender enhancement under the Guidelines. *See United States v. Smith*, 681 F. App'x 483, 488 (6th Cir. 2017) (citing *United States v. Bartee*, 529 F.3d 357, 363 (6th Cir. 2008)).[5]

In this case, the Court classified Petitioner as a career offender, finding that he had at least two prior felony convictions for controlled-substance offenses—namely, a 2010 conviction for promotion of methamphetamine manufacturing in violation of Tennessee Code Annotated §

---

[5] While the analysis employed in *Mathis* is relevant to determining whether the Court incorrectly classified Petitioner as a career offender, the Sixth Circuit has expressly held that *Mathis* is merely an extension of existing precedent, not a new rule of law. *See Conzelmann*, 872 F.3d at 376–77. Accordingly, the arguments set forth in Petitioner's motion were available to him before the Supreme Court's decision in *Mathis* and should have been asserted at the time of his sentencing and on direct appeal.

39-17-433, and a 2011 conviction for conspiracy to promote the manufacture of methamphetamine in violation of Tennessee Code Annotated § 39-17-433. Under the framework established by *Mathis*, there is a legitimate question as to whether these Tennessee statutes criminalize conduct outside the definition of a "controlled substance offense" as defined in Section 4B1.2 of the United States Sentencing Guidelines and, thus, a question as to whether Petitioner's prior convictions qualify as predicate offenses necessary to classify Petitioner as a career offender. *See United States v. Pinkerton*, Case No. 17-6468, Br. of Appellant, ECF No. 11 (6th Cir.) (arguing that Tennessee Code Annotated § 39-17-433 does not qualify as a controlled substance offense for the purposes of applying the career-offender enhancement under the Guidelines). Nonetheless, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code remains untimely, and his arguments procedurally defaulted. Accordingly, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code is **DENIED**. Petitioner's motion for extension of time to reply (Doc. 109) is **GRANTED IN PART** and **DENIED IN PART**. Additionally, Petitioner's motion to expand the record (Doc. 114) is **DENIED** and his motion for clarification (Doc. 118) is **DENIED**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                                **/s/** *Travis R. McDonough*
                                                **TRAVIS R. MCDONOUGH**
                                                **UNITED STATES DISTRICT JUDGE**